UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PHEBEE ALLSOP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. NO. 3:19-cv-1562 |
| ) | |
| AMAZON.COM SERVICES, INC. AND ) | |
| AMAZON.COM, INC., ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

TO: THE CHIEF JUDGE AND JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

Defendants Amazon.com Services, Inc. and Amazon.com, Inc. (collectively, "Amazon") file this Notice of Removal of the above-captioned action from the Superior Court, Judicial District of Hartford at Hartford, State of Connecticut, to the United States District Court for the District of Connecticut, pursuant to 28 U.S.C. §§ 1332(a)(1), 1441 and 1446. In support of this Notice of Removal, Amazon states:

## INTRODUCTION

1. Plaintiff filed her Complaint in the Connecticut Superior Court, Judicial District of Hartford at Hartford, on September 4, 2019. Plaintiff's Complaint asserts claims for strict product liability, negligence, breach of warranty, and failure to warn under Connecticut's Product Liability Act against Amazon resulting from an allegedly defective case for her iPhone mobile phone. (*See* Plaintiff's Complaint ("Compl.") at ¶¶ 1, 3, attached hereto as Exhibit 1).

2. In her Complaint, Plaintiff alleges that on October 5, 2017, she went to sleep with the case against her right leg and awoke to find she had sustained a burn to her right leg from the case. (Ex. 1 at ¶ 13).

3. Plaintiff alleges the case was designed and manufactured by a foreign manufacturer (identified as "Crazy Panda") and sold by Amazon on its website. (Ex. 1 at ¶¶ 3-4).

4. The underlying action is one for which this Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between Plaintiff and Amazon; the amount in controversy, exclusive of interest and costs, exceeds $75,000; Amazon's Notice of Removal is timely filed; and venue is proper in this district.

## TIMELINESS OF REMOVAL

5. Plaintiff filed her Summons and Complaint in the Connecticut Superior Court, Judicial District of Hartford at Hartford, on September 4, 2019.

6. Plaintiff has filed an Affidavit of Service in Connecticut Superior Court asserting that her Summons and Complaint were served on Amazon.com Services, Inc. on September 9, 2019, via Corporation Service Company and upon Amazon.com, Inc. on September 9, 2019, via certified mail at 410 Terry Ave. North, Seattle, WA 98109-5210. (*See* Proof of Service attached hereto as Exhibit 2).

7. This Notice of Removal is being filed within 30 days after receipt by Amazon of a copy of the Summons and Complaint in this matter and is, therefore, timely under 28 U.S.C. § 1446(b).

**DIVERSITY OF CITIZENSHIP**

8.  Upon information and belief, Plaintiff Phebee Allsop is a resident of Connecticut. (Ex. 1).

9.  Defendant Amazon.com Services, Inc. is a Delaware corporation with a principal place of business in the State of Washington at 410 Terry Ave. North, Seattle, WA 98109.

10. Defendant Amazon.com, Inc. is a Delaware corporation with a principal place of business in the State of Washington at 410 Terry Ave. North, Seattle, WA 98109.

11. A corporation is deemed a citizen of the state of incorporation and of the state where it has its principal place of business. 28 U.S.C. § 1332(c). Therefore, each Amazon defendant is deemed a citizen of Delaware and Washington for jurisdiction purposes. Accordingly, complete diversity of citizenship exists under 28 U.S.C. § 1332.

**AMOUNT IN CONTROVERSY**

12. In her Complaint, Plaintiff alleges she suffered a second-degree burn to her upper right leg as a result of the purportedly defective product, which has resulted in a permanent scar to her leg. She also alleges she has incurred expenses for medical care and treatment of her injuries and that it is likely her injuries will require future medical treatment and expenditures. (Ex. 1 at ¶¶ 28-31).

13. The amount in controversy is believed to exceed $75,000, exclusive of interests and costs, because Plaintiff alleges that she sustained a severe burn and permanent scarring to her right leg as a result of the purportedly defective product, which has left her "disabled," and that she continues to "suffer from pain, discomfort, emotional upset, limitation of motion and restriction of activity" as a result of the incident. (Ex. 1 at ¶¶ 28-30). Therefore, in light of the seriousness of Plaintiff's alleged injuries and damages, the amount in controversy is believed to exceed $75,000.

14. Where a plaintiff has not pled a specific amount of damages, the amount-in-controversy requirement is satisfied when the defendant has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000 based on the seriousness of the plaintiff's claimed injuries and damages. 28 U.S.C. § 1446(c)(2)(B). In this case, the Complaint does not specify the amount of alleged damages; however, it alleges that Plaintiff sustained "a second degree burn injury to her upper right leg" resulting in a "permanent scar to her leg" rendering her "sore and disabled". Therefore, a jury in this case will be asked to value not just Plaintiff's alleged medical expenses, but also her pain and suffering and the impact the incident has had on her life and activities. *See Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205–06 (2d. Cir. 2001) ("A case is removable when the initial pleading 'enables the defendant to intelligently ascertain removability from the face of such pleading so that in its petition for removal, the defendant can make a short and plain statement of the grounds for removal as required by 25 U.S.C. § 1446(a).'" (internal quotation marks and brackets omitted)).

## VENUE

15. Removal shall be to the "district and division embracing the place where such action is pending" under 28 U.S.C. § 1441(a). The United States District Court for the District of Connecticut is the federal judicial district encompassing the Connecticut Superior Court, Judicial District of Hartford at Hartford, where this action was originally filed. Therefore, venue is proper in this district under 28 U.S.C. § 1441(a).

## CONSENT AND JOINDER

16. All defendants consent to and join this Notice of Removal.

## NOTICE OF REMOVAL

17.     A stamped copy of this Notice of Removal will be promptly filed with the clerk of the Superior Court, Judicial District of Hartford at Hartford, State of Connecticut, and served upon counsel of record for Plaintiff pursuant to 28 U.S.C. § 1446(d).  A copy of the Notice of Removal to be filed with the Hartford Superior Court (without attachments) and served on opposing counsel is attached as Exhibit 3.

## STATE COURT RECORD

18.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders received by the removing Defendants, including the docket sheet and all documents filed in this case, are attached hereto as Exhibits 1-2.

19.     The Civil Action Cover Sheet is attached hereto as Exhibit 4.

WHEREFORE, Defendants Amazon.com Services, Inc. and Amazon.com, Inc. request removal of the above-captioned action from the Superior Court, Judicial District of Hartford at Hartford, State of Connecticut, to the United States District Court for the District of Connecticut.

DATED: October 3, 2019

AMAZON.COM SERVICES, INC. AND
AMAZON.COM, INC.

By their Attorney,

CAMPBELL CONROY & O'NEIL, P.C.

/s/ Jacob J. Lantry
Jacob J. Lantry (Juris # 437262)
jlantry@campbell-trial-lawyers.com
1 Constitution Wharf, Suite 310
Boston, MA 02129
Tel: (617) 241-3000
Fax: (617) 241-5115

## **CERTIFICATE OF SERVICE**

      I, Jacob J. Lantry, counsel for Defendants Amazon.com Services, Inc. and Amazon.com, Inc., hereby certify that on October 3, 2019, the foregoing Notice of Removal was filed electronically with the Court using the Court's electronic filing system (CM/ECF) and served by regular mail on anyone unable to accept electronic filing of the foregoing document.  Notice of this filing will be sent by email to all parties by operation of the Court's CM/ECF system as indicated on the Notice of Electronic Filing.  Parties may also access this filing through the Court's CM/ECF system.

William J. Ronalter, Esquire
Shipman & Goodwin, LLP
One Constitution Plaza
Hartford, CT 06103

                                                /s/ Jacob J. Lantry
                                                Jacob J. Lantry