| | |
|---|---|
| RETURN DATE: OCTOBER 8, 2019 | : SUPERIOR COURT |
| PHEBEE ALLSOP | : J.D. OF HARTFORD |
| V. | : AT HARTFORD |
| AMAZON.COM SERVICES, INC. AND AMAZON.COM, INC. | : SEPTEMBER 4, 2019 |

## COMPLAINT

**FIRST COUNT** (AMAZON.COM SERVICES, INC.)

1. On April 4, 2017, Phebee Allsop ("Plaintiff") purchased an IPhone 6 Plus Case (the "Case") for her IPhone from one or more of the defendants, Amazon.com Services, Inc. and/or Amazon.com Inc.

2. The defendants, Amazon.Com, Services Inc. and Amazon.com, Inc. are corporations organized and existing under the laws of the State of Delaware with its principal place of business located at 410 Terry Avenue North, Seattle, Washington 98109. At all times relevant to this Complaint, these defendants transacted business within the State of Connecticut, or produced, manufactured, or distributed goods with the reasonable expectation that such goods would be sold, used, or consumed within the State of Connecticut.

3. At all times mentioned herein, the Case is a product designed and intended to be used to cover the IPhone 6 mobile phone.

4. At all times mentioned herein, a company identified as Crazy Panda on the website Amazon.com (the "Website") sold the Case and any order of the Case was fulfilled by the defendant.

5. At all times mentioned herein, the defendant required Crazy Panda to enter into "Amazon's Services Business Solutions Agreement" (the "Agreement") to sell the Case on the Website.

6. At all times mentioned herein, pursuant to the Agreement, among other things, the defendant:

    a. collected a commission based on the sale of the Case;

    b. required Crazy Panda to indemnify, defend, and hold the defendant harmless against any claim, loss, damage, settlement, cost, expense, or other liability;

    c. restricted the price Crazy Panda could charge for the Case in other sales channels;

   d. required Crazy Panda to stop or cancel any order at the defendant's request; and

   e. allowed the defendant to withhold payment to Crazy Panda at its discretion.

7. At all times mentioned herein, Crazy Panda entered into the "Fulfillment by Amazon" service, which meant, among other things, that the defendant:

   a. took physical possession of the Case to store at a fulfillment center in the United States;

   b. charged Crazy Panda a fee to store the Case; and

   c. shipped the Case directly to Plaintiff.

8. At all times mentioned herein, the defendant exhibited control over the sale of the Case and was engaged in the business of selling the Case to the Plaintiff because of "Amazon's Services Business Solutions Agreement" and the "Fulfillment by Amazon" program.

9. At all times mentioned herein, the defendant provides no contact information for Crazy Panda on the Website and any customer such as the Plaintiff must communicate

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

with Crazy Panda through communication channels authorized and controlled by the defendant on the Website.

10. At all times mentioned herein, after the accident described herein, Plaintiff and the undersigned counsel requested Crazy Panda's contact information from the defendant and the only information provided by the defendant turned out to be that of a patent holder located in China.

11. At all times mentioned herein, there is currently no way for Plaintiff to communicate directly with Crazy Panda regarding the accident or to find the correct contact information for Crazy Panda.

12. At all times mentioned herein, Crazy Panda has no presence in the United States other than its ability to offer its products, like the Case, for sale on the Website.

13. On October 5, 2017, the Plaintiff, was laying down sleeping with the Case next to and against her right leg. When she awoke, she had sustained a burn to her right leg from the Case.

14. At all times relevant to this Complaint, the defendant was a product seller and/or manufacturer as defined by §52-572m et. seq. of the Connecticut General Statutes.

15. The Case was placed into the stream of commerce by the defendant on the Website with the expectation that it would reach consumers without substantial change in condition and it did reach the plaintiff without a substantial change in condition.

16. At the time of its sale on April 4, 2017 and continuing until the Case caused an injury to her on October 5, 2017, the Case was in a defective condition unreasonably dangerous to the Plaintiff in one of more of the following ways:

    (a) it was improperly or inadequately designed;

    (b) it was improperly or inadequately manufactured;

    (c) it was sold without proper or adequate warnings, labels, or instructions;

    (d) it was improperly or inadequately tested;

    (e) it was designed, manufactured, tested, distributed, marketed, and/or sold without adequate or proper precautions to prevent the Case from injuring consumers and users.

17. One or more of the defects described above was a substantial factor in causing the injuries to the Plaintiff as described in this Complaint.

18. The defendant sold the Case on its Website and included Crazy Panda's express warranty that the Case was safe for its intended use, including the use to which it was put on October 5, 2017.

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

19. The defendant breached these express warranties.

20. The breach of these express warranties by the defendant was a substantial factor in causing the injuries to the Plaintiff as described in this Complaint.

21. By selling the Case on the Website, the defendant and Crazy Panda impliedly warranted that the Case was of merchantable quality.

22. The defendant breached this implied warranty of merchantability.

23. The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the Plaintiff as described in this Complaint.

24. The defendant was negligent in one or more of the following ways:

   a. allowing a Case in a defective condition to be sold on its Website;

   b. failing to confirm that there were adequate tests or inspections done on the Case to determine whether it was free of defects before allowing the Case to be sold on its Website;

   c. failing to provide proper warnings or instructions concerning the safe and proper storage of the Case;

   d. failing to provide proper warning to its customers of dangers from the Case in leaking internal chemicals on its customers.

25. The negligence of the defendant was a substantial factor in causing the injuries to the Plaintiff as described in this Complaint.

SHIPMAN & GOODWIN LLP® • COUNSELORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

26.  The defendant recklessly disregarded the safety of consumers and users of the Case, including the Plaintiff in one or more of the following ways:

    a.  allowing a Case in a defective condition to be sold on its Website;

    b.  failing to confirm that there were adequate tests or inspections done on the Case to determine whether it was free of defects before allowing the Case to be sold on its Website;

    c.  failing to provide proper warnings or instructions concerning the safe and proper storage of the Case;

    d.  failing to provide proper warning to its customers of dangers from the Case in leaking internal chemicals on its customers.

27.  The recklessness of the defendant was a substantial factor in causing the injuries to the Plaintiff as described in this Complaint.

28.  As a result of the defective Case, the Plaintiff was injured on October 5, 2017, upon medical examination, it was determined that the plaintiff suffered a second degree burn injury to her upper right leg.

29.  From all of the injuries of the effects thereof, the plaintiff was rendered sore and disabled and is suffering, and will continue to suffer from pain, discomfort, emotional upset, limitation of motion and restriction of activity.

30.  The plaintiff's burn injury has resulted in a permanent scar to her leg to her further loss and damage. Her injury will be permanent in nature.

SHIPMAN & GOODWIN LLP® • COUNSELORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

31. As a further result of the Case, the plaintiff incurred expenses for medical care and attention, x-rays, pharmaceuticals, to the plaintiff's further loss and damage. It is reasonably probable that the plaintiff's injuries, or some of them, will require future medical treatment and expenditures.

32. The plaintiff brings this Count pursuant to Connecticut General Statutes §52-572m, et seq., as amended (the "Connecticut Product Liability Act") and Connecticut General Statutes §52-240b.

**SECOND COUNT** **(AMAZON.COM, INC.)**

1 - 32. Paragraphs 1 through 32 are hereby incorporated as paragraphs 1 through 32 of this, the Second Count, as if fully set forth herein.

WHEREFORE THE PLAINTIFF CLAIMS:

    A.    MONETARY DAMAGES;

    B.    PUNITIVE DAMAGES under Connecticut General Statutes §52-240b.

Dated in Hartford, Connecticut, this 4th day of September, 2019.

                                THE PLAINTIFF,
                                PHEBEE ALLSOP

By: _____
        William J. Ronalter, Esq.
        Juris No. 057385
        Shipman & Goodwin, LLP
        One Constitution Plaza
        Hartford, CT 06103
        (860) 251-5100
        (860) 251-5216 Fax
        wronalter@goodwin.com
        Her Attorney

| | | |
|---|---|---|
| RETURN DATE:  OCTOBER 8, 2019 | : | SUPERIOR COURT |
| PHEBEE ALLSOP | : | J.D. OF HARTFORD |
| V. | : | AT HARTFORD |
| AMAZON.COM SERVICES, INC. AND AMAZON.COM, INC. | : | SEPTEMBER 4, 2019 |

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is more than $15,000.00, exclusive of interest and costs.

THE PLAINTIFF,
PHEBEE ALLSOP

By: _____

William J. Ronalter, Esq.
Juris No. 057385
Shipman & Goodwin, LLP
One Constitution Plaza
Hartford, CT  06103
(860) 251-5100
(860) 251-5216 Fax
wronalter@goodwin.com
Her Attorney